**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| JOHN DOE, whose initials are T.L, | : | |
| | : | **Civil Action No. 20-03008 (JXN) (ESK)** |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| THE BOYS & GIRLS CLUB OF | : | |
| CLIFTON, et al | : | |
| | : | |
| Defendants. | : | |

**NEALS**, District Judge:

Before this Court is Defendant Boys & Girls Club of America ("BGCA")'s Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated herein, BGCA's Motion to Dismiss [ECF No. 29] is **DENIED**.

## I.   BACKGROUND[1]

Between 1963 and 1967, Plaintiff was a member of the Boys & Girls Club of Clifton ("BGC Clifton") which is maintained or controlled by BGCA. Amended Complaint ("Am. Compl."), ECF No. 24 at 2 ¶ 1.[2] During this time, Plaintiff was a minor who was under the care

---

[1] For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *M.H. by D.H. v. C.M.*, Civ. No. 3:20-01807(BRM)(TJB), 2020 WL 6281686, at *1 (D.N.J. Oct. 27, 2020).

[2] The Court notes that Plaintiff did not include page numbers in his Amended Complaint. For the sake of clarity, when citing to the Amended Complaint the Court will cite to the page number listed on the ECF header.

and supervision of Defendants BGC Clifton, BGCA and decedent Alfred Abruscato. *Id*. at 4 ¶ 8. Mr. Abruscato was employed as a camp counselor for BGC Clifton and BGCA. *Id*. ¶ 6. According to the Amended Complaint, sometime between 1963 and 1967, Mr. Abruscato sexually and physically assaulted Plaintiff. *Id*. at 5 ¶ 2. Plaintiff alleges that such abuse included Mr. Abruscato (1) performing oral sex on him; (2) fondling his penis and buttocks; (3) grooming him; and (4) providing him with alcohol to get him intoxicated. *Id*. Plaintiff claims that this assault occurred on the premises owned by BGC Clifton and BGCA, while Mr. Abruscato was acting within the course and scope of employment. *Id*. at 4 ¶ 6; 5-6 ¶ 2.

On February 27, 2020, Plaintiff initiated this action in the Superior Court of New Jersey, Law Division, Passaic County, alleging three causes of action related to the sexual and physical assault by Mr. Abruscato. Complaint, ECF No. 1-1. On March 18, 2020, BGCA removed this action to the District of New Jersey pursuant to 28 U.S.C. § 1332(a)(1) on the grounds that "this civil action involves a matter in controversy that exceeds the sum of $75,000 and is between citizens of at least two different states." Notice of Removal ("NOR"), ECF No. 1 ¶ 10.

Following removal, Defendants BGC Clifton and BGCA moved to dismiss Plaintiff's Complaint. *See* ECF Nos. 3, 10. On December 11, 2020, the Honorable Claire C. Cecchi issued an Order dismissing Defendants' motions to dismiss without prejudice and granting Plaintiff leave to file an Amended Complaint within forty-five days of the date of the Order. *See* ECF No. 18. On February 22, 2021, Plaintiff filed his Amended Complaint that reasserted substantially all the claims from the initial Complaint and included allegations regarding the New Jersey Child Sexual Abuse Act ("CSAA"). *See generally*, Amended Complaint. Shortly thereafter, on March 22, 2021, BGCA moved to dismiss counts one, three and four of the Amended Complaint with

prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendants Brief in Support of Motion to Dismiss ("Def.'s Br."), ECF No. 29-1.

## II.   LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted).  In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the plaintiff.  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

While this standard places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  That is, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*  Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity

of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

## III. DISCUSSION

BGCA moves to dismiss three counts of Plaintiff's Amended Complaint. The Court considers each in turn.

### A. Count One – New Jersey Child Sexual Abuse Act

BGCA contends that Plaintiff's CSAA claim should be dismissed with prejudice because Plaintiff "merely asserts legal conclusions that BGSA was a passive sexual abuser" and "[t]hese legal conclusions are insufficient to state a claim." Def.'s Br., ECF No. 29-1 at 12.[3] The Court disagrees.

The CSAA provides a "statutory cause of action for sexual abuse." *R.L. v. Voytac*, 199 N.J. 285, 297 (2009). The CSAA defines sexual abuse as "an act of sexual contact or sexual penetration between a child under the age of 18 years and an adult." *N.J.S.A.* § 2A:61B-1. The statute also provides that a "guardian or other person standing *in loco parentis* who knowingly permits or acquiesces in sexual abuse by any other person also commits sexual abuse." *Id.* The Supreme Court of New Jersey noted that the CSAA establishes two classes of abusers: "those persons who inflict the abuse (active abusers), and those persons who stand *in loco parentis* . . . who know of the abuse and who fail to protect the child (passive abusers)." *Hardwicke v. American Boychoir School,* 188 N.J. 69, 86 (2006).

---

[3] It is well-settled that the law of the forum state governs diversity actions. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Am. Cyanamid Co. v. Fermenta Animal Health*, 54 F.3d 177, 180 (3d Cir. 1995). Thus, in examining Defendant's arguments, the Court will look to New Jersey law.

4

Although the allegations alleged in Count One are thin, the Court "will review all relevant events alleged in the entire [Amended] [c]omplaint to determine if they state a claim" under the CSAA. *Motley v. State, Div. of State Police*, Civ. No. A-3566-07T2, 2010 WL 4621498, at \*8 (N.J. Super. Ct. App. Div. Nov. 15, 2010). The Amended Complaint alleges that Mr. Abruscato sexually abused Plaintiff between 1963 and 1967. Am. Compl., at 2 ¶ 1; 5 ¶ 2. Such abuse included Mr. Abruscato (1) performing oral sex on Plaintiff, (2) fondling Plaintiff's penis and buttocks, (3) grooming Plaintiff, and (4) providing Plaintiff with alcohol to get him intoxicated. *Id.* at 5 ¶ 2. This sexual abuse allegedly occurred on BGCA's premises while Mr. Abruscato was employed as a counselor for BGCA. *Id.* at 4 ¶ 6; 5-6 ¶ 2. Plaintiff's Amended Complaint further alleges that (1) BGCA was in the business of providing care and supervision to children like Plaintiff, (2) Plaintiff was a business invitee under the care and supervision of BGCA, and (3) BGCA failed to properly safeguard and supervise Plaintiff. *Id.* at 3-4 ¶¶ 5, 8, 9. Drawing all reasonable inferences in favor of Plaintiff, the Court finds these allegations sufficient to plead a cause of action under the CSAA. Accordingly, at this early stage of the litigation, Count One may proceed.[4]

## B. Count Three – Negligent Hiring

BGCA contends that Count Three should be dismissed in its entirety because "Plaintiff did not and cannot expressly plead that BGCA was Abruscato's employer." Def.'s Br., ECF No. 29-1 at 25. The Court disagrees.

---

[4] With respect to Plaintiff's CSAA claim, BGCA also contends that "the Amended Complaint critically fails to assert *any facts* to support [his] conclusion" that "all Defendants, including BGCA, were 'passive sexual abusers who stood *in loco parentis* to Plaintiff.'" Def.'s Br., ECF No. 29-1 at 24 (emphasis in original). Without discovery on this issue and a more developed factual record, the Court cannot state that it is "apparent on the face of the [Amended] [C]omplaint" that Plaintiff fails to demonstrate whether BGCA stood *in loco parentis*. Thus, the Court denies BGCA's motion to dismiss Count One of the Amended Complaint.

The New Jersey Supreme Court has recognized that a negligent hiring claim differs from a claim based on the theory of respondeat superior. *DiCosala v. Kay,* 91 N.J. 159, 450 A.2d 508 (N.J. 1982). Negligent hiring is based on the theory that employers should be accountable for exposing the public to potentially dangerous individuals, while respondeat superior centers on the theory that an employee's actions are done on behalf of the employer. *Id.* at 515. Negligent hiring claims can arise when an employee commits an intentional tort against a customer. *Id.* A claim of negligent hiring must demonstrate (1) that the employer knew or had reason to know of qualities in the employee that created a risk of harm to other persons and (2) that through the negligence of the employer in hiring the employee, the employee proximately caused the injury. *Di Cosala,* 450 A.3d at 516.

According to the Amended Complaint, BGCA "negligently" hired Mr. Abruscato "whom they had actual and/or constructive notice was unfit for his jobs[.]" Am. Compl., at 7 ¶ 3. Plaintiff alleges that Mr. Abruscato sexually and physically assaulted him while he was under the care and supervision of BGCA. *Id.* at 5 ¶ 2. Plaintiff further alleges that "[a]s a proximate cause and reasonably foreseeable result of the failure of Defendants to exercise reasonable care in the hiring, training, supervision and/or retention of its employees," Plaintiff has suffered "severe and permanent injuries" which will cause him to spend "great and diverse sums of money for medical aid and treatment." *Id.* at 8 ¶¶ 5-6. While discovery into these allegations may reveal that Mr. Abruscato was not BGCA's employee as BGCA contends, the allegation

These allegations state a facially plausible claim for relief. Accordingly, BGCA's motion to dismiss Count Three is denied.

## C. Count IV – Breach of Contract

BGCA contends that Count Four of Plaintiff's Amended Complaint should be dismissed for various reasons, including that Plaintiff "fails to articulate what conceivable type of commercial insurance product a national association might have purchased in the 1960's for the benefit a child (as opposed to the organization itself) . . . ." Def.'s Br., ECF No. 29-1 at 26. Although the Amended Complaint does not identify the type of insurance Defendants have, Plaintiff does allege that he is the intended third-party beneficiary under a policy or policies of insurance held by Defendants for the payment of medical expenses. Am. Compl., at 9 ¶ 2. Plaintiff further alleges that "Defendants have failed to honor the provision of said policy and have refused and continue to refuse to make payment of medical expenses incurred as the result of the subject accident up to the limit of the policy provision as aforesaid." *Id.* ¶ 3.

To substantiate a third-party beneficiary claim, "a plaintiff must demonstrate that the relevant contract was 'made for the benefit of [that] third party within the intent and contemplation of the contracting parties.'" *J.V. ex rel. Valdez v. Macy's, Inc.*, Civ. No. 13-5957 (KSH)(CLW), 2014 WL 4896423, at *3 (D.N.J. Sept. 30, 2014) (citations omitted). If "the parties to the contract intended others to benefit from the existence of the contract," then third-party beneficiary rights apply, but if "the benefit so derived arises merely as an unintended incident of the agreement," then "the third person is only an incidental beneficiary, having no contractual standing." *Id.* (citing *Broadway Maint. Corp. v. Rutgers, the State Univ.*, 90 N.J. 253, 259, 447 A.2d 906 (1982)).

To determine intent, courts "examine the terms of the agreement and the surrounding circumstances." *Grant v. Coca–Cola Bottling Co. of N.Y., Inc.*, 780 F.Supp. 246, 249 (D.N.J. 1991). Establishing status as a third-party beneficiary requires a plaintiff to demonstrate that the contracting parties did more than act "against a backdrop of knowledge" that the plaintiff would

7

benefit from the agreement.  *Corrugated Paper Prods., Inc. v. Longview Fibre Co.* 868 F.2d 908, 912 (7th Cir. 1989).  "The plaintiff must show that the benefit to plaintiff was a consequence which the parties affirmatively sought."  *Id.*

At this stage of the litigation, and without the parties' agreement, it is almost impossible to demonstrate a determination of intent.  *See J.V. ex rel. Valdez*, 2014 WL 4896423, at *3 (denying the defendant's motion to dismiss the plaintiff's breach of contract claim because "a determination of intent is impossible at this point" of the litigation.).  The alleged insurance policy should be produced in discovery to allow the Court to determine the parties' intent and whether third-party beneficiary rights apply.  In short, BGCA's motion to dismiss Plaintiff's breach of contract claim is at best premature.  Accordingly, the Court will not dismiss Count Four of Plaintiff's Amended Complaint.

## IV.  CONCLUSION

For the foregoing reasons, BGCA's Motion to Dismiss [ECF No. 29] is **DENIED**.  An appropriate Form of Order accompanies this Opinion.

DATED: August 4, 2021
　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　 Julien Xavier Neals
　　　　　　　　　　　　　　　　　　 United States District Judge